IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE MONDRAGON,

    Plaintiff,

    v.                                                                            No. 11CV50 WPL/LAM

STATE OF NEW MEXICO, NEW MEXICO
STATE POLICE DEPARTMENT,
CHIEF FERON SEGOTTA, and
HERBERT HINDERS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS**

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss, filed March 10, 2011 (**Doc. 23**). Having considered the parties' briefs and the applicable law, I find that Defendants' motion is well-taken and is, therefore, granted. The relief granted to Defendants touches on all of Plaintiff claims except for Count One which alleges a § 1983 claim against Defendant Hinders in his individual capacity only.

**Background**

Plaintiff alleges that on February, 11, 2008, New Mexico State Police Officer Herbert Hinders ("Hinders"), while on duty in Mora County, New Mexico, arrested him unlawfully and used unnecessary and excessive force during the arrest. The complaint was initially filed on November 22, 2010 in the Fourth Judicial District Court, Count of Mora, and them removed by Defendants to federal court on January 17, 2011. The complaint alleges violations under 42 U.S.C. § 1983, based on the Fourth Amendment, and under state tort law under the New Mexico

Tort Claims Act, NMSA 1978 § 41-4-1 *et seq.*, ("Tort Claims Act").  Defendants seek dismissal of the official capacity claims against Defendant Hinders and Segotta, and dismissal of Count Two, Three, Fourt, Five, Six and Seven.[1]

### Discussion

Defendants' arguments regarding Counts Five, Six and Seven are based on the two-year statute of limitations period under the Tort Claims Act.  In seeking to dismiss Count Four, Defendants contend that the state is not subject to a suit for damages under § 1983.  For similar reasons, Defendants move for dismissal of causes of action asserted against Defendants Segotta and Hinders in their official capacities.  Last, Defendants argue that Counts Two and Three in the complaint should be dismissed for failure to state plausible claims.  I address each of these arguments in turn.

**I.      Two-Year Statute of Limitations Applies**

Defendants contend that Counts Five, Six and Seven are barred by the two-year statute of limitations in the New Mexico Tort Claims Act. The statute of limitations under the Tort Claims Act is two years.  *See* NMSA 1978, § 41-4-15(A) ("Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence. . . .").  Plaintiff concedes that the complaint was filed over two years from the occurrence of the facts giving rise to this lawsuit,[2] but argues that the applicable statute of limitations is governed by the general statutory limitations on actions for personal

---

[1] Defendants refer to the counts in the complaint in ordinal numbers, which the Court has changed to cardinal numbers for easier reading.

[2] The events occurred on February 11, 2008, and the complaint was not filed until November 22, 2010.

injury, NMSA 1978, § 37-1-8, for actions pursuant to § 1983.  Defendants plainly seek dismissal only of the Tort Claims Act claims on a statute of limitations theory, and thus Plaintiff's reliance on the limitations period for § 1983 claims is pointless.  Counts Five, Six and Seven allege only state law claims under the Tort Claims Act against Defendant Hinders (Count 5); Defendant Segotta (Count 6); and the State of New Mexico (Count 7).  These claims are dismissed because they are barred under the two-year statute of limitations in the Tort Claims Act.

**II.     State is Not a "Person" Under § 1983**

Defendants seek dismissal of Count Four which asserts claims under § 1983 against the State of New Mexico because the State of New Mexico is not a "person" subject to suit for damages under § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (state is not a "person" for purposes of § 1983 and is not a proper party defendant); *Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991).

Plaintiff responds that the state is a "person" under § 1983 and he notes that *Will v. Michigan* was originally brought in state court where the Eleventh Amendment did not apply. This argument is totally devoid of merit. First, the case is now in federal court.  Further, *Will* considered the Eleventh Amendment in holding that the Eleventh Amendment limited the definition of "person" in state courts (which has no relevance here anyway) as well as federal courts.[3]  Plaintiff offers no case law which suggests that the state can be sued in an action

---

[3] In *Will*, the U.S. Supreme Court recognized that the Eleventh Amendment and § 1983 were "separate issues."  491 U.S. at 66.  Nevertheless, the U.S. Supreme Court rejected the petitioner's argument that the Eleventh Amendment precluded suits against the state in federal court while allowing such actions in state court:
> . . . that Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect was made clear in our decision in [*Quern v. Jordan*, 440 U.S. 332 (1979)].  Given that a principal purpose behind the enactment of § 1983 was to provide a

brought under § 1983.  All of this simply means that Plaintiff's argument essentially concedes that the state cannot be a party to the complaint – either in state or federal court.  Therefore, Defendants are entitled to dismissal of Count Four in the complaint.

### III. Claims Against Defendants in Official Capacities Must Be Dismissed

Defendants present a similar argument with regard to Plaintiff's § 1983 claims against Defendants Segotta and Hinders in their official capacities.  Count One alleges a § 1983 claim against Defendant Hinders; Counts Two and Three assert claims of § 1983 and supervisory liability under § 1983 (respectively) against Defendant Segotta.

An action filed against a state official in his or her official capacity is simply another way of pleading an action against an entity of which an officer is an agent.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).   An official capacity suit is treated as a suit against the state.  *Griess v. Colorado*, 841 F.2d 1042, 1045 (10th Cir. 1988).

Plaintiff offers no response to Defendant's argument here except to state that individuals defendants acting in their official capacity are "persons" under § 1983 and to refer to a definition of "official capacity" in *Will v. Michigan* which does not refute Defendants' argument at all. Defendants' position is legally correct, and Plaintiff's claims against Defendants Segotta and Hinders in their official capacities in Counts One, Two and Three are dismissed for failure to state claims upon which relief can be granted under § 1983.

### IV. Counts Two and Three Fail to State a Claim

---

federal forum for civil rights claims, and that Congress did not provide such a federal forum for civil rights claims against States, **we cannot accept petitioner's argument that Congress intended nevertheless to create a cause of action against States to be brought in state courts, which are precisely the courts Congress sought to allow civil rights claimants to avoid through § 1983**.

491 U.S. at 66-67 (emphasis added).

Counts Two and Three are asserted against Defendant Segotta, based on his supervisory position as Chief of the New Mexico State Police. Count Two alleges that Segotta breached a duty to Plaintiff by "failing to prevent" Hinders from using unreasonable, unnecessary and excessive force against Plaintiff. Compl. ¶ 28. Count Three alleges a claim against Segotta based on supervisory liability under § 1983. Defendants contend that these two counts fail to state plausible claims on which relief can be granted.

A complaint must set forth sufficient facts to raise a plausible inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. 1955, 1965 (2007). When considering and addressing a Rule 12(b)(6) motion, a court must accept as true all factual allegations pleaded in the entire complaint, view those allegations in the light most favorable to the plaintiff , and draw all reasonable inferences in the plaintiff's favor. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir.2009).

Section 1983 does not allow a plaintiff to hold an individual government official liable under a theory of respondeat superior. *Dodds v. Richardson*, 614 F.3d 1185, 1194 -1195 (10th Cir. 2010). A plaintiff may succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation. Under § 1983, a plaintiff is allowed to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued

operation of a policy the enforcement of which, by the defendant-supervisor or her subordinates, subjects that plaintiff, or causes that plaintiff to be subjected, to the deprivation of any rights secured by the Constitution. *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

The complaint alleges that Segotta had a duty to make sure that "Hinders acted in accordance with policies, procedures and protocols of the New Mexico State Police Department. . ." (Compl. ¶ 27) and "to properly screen, hire, train, monitor, supervise and/or discipline subordinate law enforcement employees of the New Mexico State Police Department, including Hinders" (Compl. ¶ 31). Plaintiff protests that these claims are not based on respondeat superior, but the complaint speaks for itself. Defendant Segotta is alleged to be liable to Plaintiff merely by virtue of his role as Chief. Under *Twombly*, a complaint fails to state a claim when it makes conclusory allegations of liability without supporting factual content. *Twombly*, 550 U.S. at 544; *Iqbal*, 129 S.Ct. 1937. The complaint asserts no facts which describe policies instituted by Segotta or actions taken by Segotta that caused the alleged violation of Plaintiff's constitutional rights. Instead, it contains only conclusory statements regarding Segotta's liability to Plaintiff, and is insufficient to sustain a viable claim. *See Twombly*, 127 S.Ct. at 1965 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.").[4] For these reasons, the Court agrees with Defendants that Counts Two and Three alleging claims brought under § 1983 fail to state plausible claims on which relief can be granted.

---

[4] The complaint also contains language more suggestive of a negligence claim rather than a claim brought under § 1983. Liability under § 1983 must be predicated upon a "deliberate" deprivation of constitutional rights by the defendant *Jojola v. Chavez*, 55 F.3d 488 (10th Cir. 1995); *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992), *cert. den.*, 113 S.Ct. 3038 (1993); see *Daniel V. Williams*, 474 U.S. 344 (1986) (negligent conduct alone does not trigger § 1983). Instead, the complaint alleges that Segotta "knew or should have known" that law enforcement officers, including Hinders, lacked adequate training and were operating in disregard of departmental policies and procedures. *See* Compl. ¶ 32.

**Conclusion**

I find and conclude that Counts Five, Six and Seven in the complaint are dismissed as barred by the two-year statute of limitations for claims brought under the Tort Claims Act.

I also find and conclude that Count Four, which alleges claims under § 1983 brought against the State of New Mexico, is dismissed because the state is not a "person" under § 1983, and cannot be a party to such an action.

I further find and conclude that claims against Defendants Segotta and Hinders in their **official** capacities in Counts One, Two and Three are dismissed for failure to state claims upon which relief can be granted under § 1983, for the same reason I dismissed Plaintiff's § 1983 claim against the state.

I finally find and conclude that Counts Two and Three, asserting claims of supervisory liability under § 1983 fail to state plausible claims on which relief can be granted.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss **(Doc. 23)** is granted:

- Counts Five, Six and Seven are DISMISSED on statute of limitations grounds;

- Counts Two and Three are DISMISSED under Rule 12(b)(6) with prejudice;

- Count Four is DISMISSED with prejudice;

- Claims against Defendants Segotta and Hinders in their official capacities (Counts One, Two and Three) are DISMISSED.[5]

The Court's rulings on each of these issues is described in this Memorandum Opinion and Order. The only claim that remains in this lawsuit is Count One, alleging a § 1983 claim against Defendant Hinders in his **individual** capacity.

UNITED STATES DISTRICT JUDGE

---

[5] Counts Two and Three were dismissed in their entirety on the merits as well.