IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE MONDRAGON,

    Plaintiff,

v.                                                              No. 11-cv-50 WPL/LAM

STATE OF NEW MEXICO, NEW MEXICO
STATE POLICE DEPARTMENT,
CHIEF FERON SEGOTTA, and
HERBERT HINDERS,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**
**and**
**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED UNDER 28 U.S.C. § 1927**
**and**
**NOTICE OF HEARING ON ORDER TO SHOW CAUSE**

THIS MATTER comes before the Court on Defendants' Motion for Sanctions (Doc. 44). Defendants request sanctions under Rule 11 based on Plaintiff's conduct in relation to Defendants' motion to dismiss (Doc. 23). Plaintiff has not filed a response, but due to the nature of the motion, Plaintiff's opposition is presumed. Having considered the parties' submissions and the applicable law, the Court finds that the motion is not well taken and shall be denied. However, the Court will issue an order to show cause why sanctions should not be imposed against Plaintiff's counsel under 28 U.S.C. § 1927, based on the same conduct in relation to the motion to dismiss.

## BACKGROUND

The complaint was initially filed on November 22, 2010 in New Mexico state court. Defendants removed the case to federal court on January 17, 2011. The complaint alleged violations under 42 U.S.C. § 1983, based on the Fourth Amendment, and under state tort law

under the New Mexico Tort Claims Act, N.M. Stat. Ann. § 41-4-1 to -27 ("NMTCA"). On March 10, 2011, Defendants sought dismissal of the official capacity claims against Defendants Hinders and Segotta, and dismissal of Counts Two, Three, Four, Five, Six and Seven (Doc. 23). Plaintiff filed a response brief on May 9, 2011 (Doc. 27), and Defendants filed a reply on May 12, 2011 (Doc. 28). In a May 23, 2011 Memorandum Opinion and Order, the Court granted Defendants' motion in full.

Plaintiff's arguments in response to each of Defendants' grounds for dismissal were objectively frivolous and lacked any foundation in existing law. Plaintiff first argued that its NMTCA claims should not be dismissed on the basis of a statute of limitations which clearly applied only to § 1983 claims. This argument was both nonresponsive to Defendants' asserted grounds for dismissal, as well as "pointless" due to well settled law. *See* Doc. 34 at 2-3. Next, Plaintiff argued that the State of New Mexico could be sued under § 1983, because it is a "person" under that statute. Plaintiff ignored the decades of case law establishing the principle that a state is not a "person" under § 1983, and responded only by attempting to distinguish one of the cases cited by Defendants for that proposition. Plaintiff repeated the same error concerning the § 1983 claims against the individual defendants in their official capacities. *See* Doc. 34 at 3-4. Lastly, Plaintiff sought to avoid dismissal of its claims against the chief of police and the city by arguing that the allegations in the complaint – which clearly alleged liability under a respondeat superior theory – established the foundation of a supervisory liability claim. *See* Doc. 34 at 4-6. This argument recognized that respondeat superior liability is not available under § 1983, but was frivolous in the sense that it mischaracterized the allegations in Plaintiff's own complaint. *See* Doc. 34 at 6 ("Plaintiff protests that these claims are not based on respondeat superior, but the complaint speaks for itself.").

Based on this conduct, Defendants filed the instant motion for sanctions under Federal Rule of Civil Procedure 11.

## DISCUSSION

**I.     Motion for Sanctions**

Rule 11 of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper" must be signed by an attorney of record. Fed. R. Civ. P. 11(a). By signing the pleading or motion, the attorney represents to the Court that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). "A good faith belief in the merit of an argument is not sufficient;" "an attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions." *White v. Gen. Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir. 1990). Since 1993, Rule 11 has contained a "safe harbor" clause, providing that "[a] motion for sanctions . . . must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2).

Defendants' motion contains no indication that Defendants have complied with the safe harbor provision of Rule 11 by serving a copy of the motion on Plaintiff a full 21 days before filing the motion with the Court. Because the Court cannot assume that the safe harbor provision has been complied with, the motion must be denied. Moreover, the Court would not have jurisdiction over this Rule 11 motion even if the motion was accompanied by evidence that Defendants had complied with the safe harbor provision. Once a motion to dismiss is granted, the pleadings filed in relation to the motion to dismiss can no longer form a basis for Rule 11

sanctions, since the opportunity to withdraw the offending pleading has been foreclosed. *See Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006) ("[T]he motions for sanctions should have been denied because they were not filed until after the district court had dismissed the complaint. . . . Service of a sanctions motion after the district court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected." (internal quotation marks omitted)); *Hutchinson v. Pfeil*, 208 F.3d 1180 (10th Cir. 2000).

Thus, although the Court is in complete accord with Defendants' characterization of Plaintiff's arguments in his response (Doc. 27) to Defendants' motion to dismiss, the motion for sanctions must be denied.

## II.     Order to Show Cause

Based on the conduct described above in connection with Plaintiff's response to Defendants' motion to dismiss, the Court hereby orders Plaintiff's counsel to show cause why monetary sanctions should not be imposed against him under 28 U.S.C. § 1927, and why he should not be suspended from the practice of law in the U.S. District Court for the District of New Mexico.

### A.     Section 1927

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "[A]n award should be made under § 1927 only in instances evidencing a serious and standard disregard for the orderly process of justice." *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir. 1990) (internal quotation marks omitted). "Unlike Rule 11, the application of § 1927 may become

apparent only at or after the litigation's end," and thus "§ 1927 sanctions are not untimely if sought or imposed after final judgment." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006).

An attorney's actions are considered under the standard of objective bad faith. *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc). "When an attorney pursues meritless claims, the course of the proceedings is unwarranted and sanctions are justified." *Eberly v. Manning*, 258 F. App'x 224, 228-29 (10th Cir. 2007) (unpublished table decision) (citing *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278-79 (10th Cir. 2005)). Specifically, when "plaintiffs ma[k]e 'absurd' arguments in attempts to avoid dismissal," sanctions under § 1927 are warranted. *Id.* at 226.

Given the legal standard above, Plaintiff's counsel is hereby on notice that the Court is considering imposing monetary sanctions under 28 U.S.C. § 1927 for his frivolous arguments in response to Defendants' motion to dismiss.

**B.     Suspension of Admission to Practice Law in Federal Court**

Further, the Court is considering suspending Plaintiff's counsel from the admission to the practice of law in the U.S. District Court for the District of New Mexico. Local Rule 83.10(a) allows a court to sua sponte suspend an attorney under Local Rule 83.9, which adopts the Rules of Professional Conduct adopted by the Supreme Court of the State of New Mexico and expressly states that the Rules of Professional Conduct "apply except as otherwise provided by local rule or by Court order." In turn, the Rules of Professional Conduct state: "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." Rule 16-301 (Meritorious Claims and Contentions).

Plaintiff's counsel is further ordered to show cause why he should not be suspended for violating Rule 16-301 of the New Mexico Rules of Professional Conduct.

### III. Notice of Hearing

This Order to Show Cause is hereby set for hearing before the Honorable William P. Johnson on **September 9, 2011 at 10 a.m.** at the U.S. District Courthouse, 333 Lomas Blvd. N.W., Bonito Courtroom – 5th Floor, Albuquerque, New Mexico. Plaintiff's counsel shall respond to the order to show cause at this hearing, or, if he wishes, in a written pleading to be filed with the Court in advance of the hearing.

**THEREFORE, IT IS ORDERED** that Defendants' Motion for Sanctions (Doc. 44) is DENIED;

**IT IS FURTHER ORDERED** that Plaintiff's counsel will show cause as to:

- Why he should not be sanctioned under 28 U.S.C. § 1927 for raising frivolous arguments in an attempt to avoid dismissal; and
- Why he should not be suspended from the practice of law in the U.S. District Court for the District of New Mexico;

**IT IS FINALLY ORDERED** that this matter is set for hearing on **September 9, 2011 at 10 a.m.**

_____
UNITED STATES DISTRICT JUDGE